IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DARVELL OWENS,

    Petitioner,

vs.                       Case No. 05-2501-B/P

STEPHEN DOTSON,

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
AND
ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED

On July 13, 2005, Petitioner Darvell Owens, prisoner number 216849, who is incarcerated at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee, filed this petition under 28 U.S.C. § 2254, along with a motion to proceed in forma pauperis. The motion to proceed in forma pauperis is GRANTED.

On February 1, 1993, the Petitioner entered a guilty plea to one count of second degree murder, one count of aggravated robbery, two counts of attempt to commit felony murder, and one count of felony murder in Shelby County Criminal Court. The trial court sentenced Owens to an effective life sentence. Owens did not appeal. At some unspecified time after the guilty plea, Owens filed a petition for post-conviction relief. Shelby County Criminal Court records demonstrate that the petition was dismissed in 1994. In September 2003, Owens filed a state habeas petition

which the trial court denied.  The Tennessee Court of Criminal Appeals affirmed the judgment of the trial court.  Owens v. State, 2005 WL 331397 (Tenn. Crim. App. Feb. 11, 2005).

It appears that the Petitioner's right to attack his conviction under § 2254 is now directly barred by the amendments to the federal habeas statutes in the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)(AEDPA), which created in § 2244(d) a statute of limitations for filing habeas petitions under § 2254.  The Court should consider this statute of limitations as a threshold matter. Holloway v. Corcoran, 980 F. Supp. 160, 161  (D. Md. 1997). Section 2244(d) provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

Court and made retroactively applicable
to cases on collateral review; or

(D)  the date on which the factual predicate
of the claim or claims presented could
have been discovered through the exercise
of due diligence.

(2)  The time during which a properly filed
application for State post-conviction or other
collateral review with respect to the
pertinent judgment or claim is pending shall
not be counted toward any period of limitation
under this subsection.

28 U.S.C. 2244(d).  In applying this statute of limitations, a
prisoner has filed his petition within the limitations period if he
has given it to prison authorities for mailing and has satisfied
the verification requirements of Fed. R. App. P. 25(a)(2)(C).  In
re Sims, 111 F.3d 45, 47 (6th Cir. 1997)(citing Houston v. Lack,
487 U.S. 266, 270 (1988)).

State convictions ordinarily become "final" within the meaning
of § 2244(d)(1)(A) at the expiration of the time for filing a
petition for a writ of certiorari from a decision of the highest
state court on direct appeal. Bronaugh v. Ohio, 235 F.3d 280, 283
(6th Cir. 2000).  Owens did not file a notice of appeal of the
trial court's denial of his petition for post-conviction relief in
1994.  In Tennessee, with certain exceptions that are not
applicable here, a notice of appeal must be filed within thirty

(30) days of the entry of judgment. <u>See</u> Tenn. R. App. P. 4(a).[1]
Although the petition does not disclose the precise date on which
judgment was entered, it appears that Owens' conviction became
final by late 1994 or early 1995. As this was before enactment of
the AEDPA statute of limitations, the statute began running at its
enactment on April 24, 1996 and expired on April 24, 1997.[2]

This petition was filed in July 2005; however, Owens failed to
fill in the date on which he signed the petition. His application
to proceed <u>in forma pauperis</u> is dated July 5, 2005. Even if the
petition were deemed to have been filed on that date, <u>see Houston
v. Lack</u>, 487 U.S. 266 (1988); <u>Miller v. Collins</u>, 305 F.3d 491, 497-
98 & n. 8 (6th Cir. 2002); <u>Towns v. United States</u>, 190 F.3d 468,
469 (6th Cir. 1999) (§ 2255 motion), it would be time barred.[3] The
petition was received and filed by the Clerk on July 13, 2005.

---

[1]   <u>See also Sanchez-Castellano v. United States</u>, 358 F.3d 424 (6th Cir.
2004) (§ 2255 motion); <u>see also United States v. Cottage</u>, 307 F.3d 494, 499 (6th
Cir. 2002) ("when a § 2255 movant does not pursue a direct appeal to the court
of appeals, his conviction becomes final either on the date that the judgment was
entered . . . or on the date on which the time for filing such appeal expired";
describing the latter as the "majority view").

[2]   This Court need not consider whether Owens' state habeas petition,
filed in September 2003, was a "properly filed application for State post-
conviction or other collateral review" within the meaning of 28 U.S.C. §
2244(d)(2) and <u>Artuz v. Henderson</u>, 431 U.S. 4 (2000), sufficient to toll the
running of the limitations period, because it was not filed until after the
limitations period had already expired. <u>Owens v. Stine</u>, No. 01-1200, 27 Fed.
Appx. 351, 353 (6th Cir. Oct. 2, 2001) ("A state court post-conviction motion
that is filed following the expiration of the limitations period cannot toll that
period because there is no period remaining to be tolled.").

[3]   Section 2244(d)(1) provides that the limitations period begins to run
from the <u>latest</u> of the four specified circumstances. In this case, however, an
examination of Owens' claims reveals no basis for concluding that the limitations
period commenced at any time later than the date on which his conviction became
final.

Under a straightforward application of § 2244(d) and <u>Austin v.</u>
<u>Mitchell</u>, 200 F.3d 391, 393-95 (6th Cir. 1999), this petition is
untimely.  <u>See also</u> <u>Bennett v. Artuz</u>, 199 F.3d 116 (2d Cir. Oct.
25, 1999)(following Second Circuit caselaw holding that § 2244
limitations period for pre-AEDPA convictions begins running at
enactment); <u>Hoggro v. Boone</u>, 150 F.3d 1223, 1225-26 (10th Cir.
1998)(holding that § 2244 limitations period for state convictions
final before AEDPA enactment begins running at enactment).

The Sixth Circuit has ruled that the doctrine of equitable
tolling may be invoked to toll the one-year limitation period
applicable to § 2255 motions and habeas petitions.  <u>Dunlap v.</u>
<u>United States</u>, 250 F.3d 1001, 1008 (6th Cir. 2001)(approving test
for equitable tolling set forth in <u>Andrews v. Orr</u>, 851 F.2d 146
(6th Cir. 1988)).  The five parts of the test are:

(1)  the petitioner's lack of notice of the filing
requirement;
(2)  the petitioner's lack of constructive knowledge of
the filing requirement;
(3)  diligence in pursuing one's rights;
(4)  absence of prejudice to the respondent; and
(5)  the petitioner's reasonableness in remaining
ignorant of the legal requirement for filing his
claim.

<u>Andrews</u>, 851 F.2d at 150.

Owens fails to allege any circumstances which prevented him
from inquiring about additional remedies before the expiration of
the AEDPA statute.  Ignorance of the time requirements for filing
does not toll the limitations period.  <u>See</u> <u>United States v. Baker</u>,
197 F.3d 211, 218-19 (6th Cir. 1999)(in direct criminal appeal,

court noted that accepting an ignorance-of-the-law excuse would encourage and reward indifference to the law).

Therefore, Owens is directed to file an amended petition, which details any circumstances justifying the application of equitable tolling or any other basis demonstrating that this petition should not be dismissed as time barred.  Owens shall file the amended petition within thirty (30) days of the entry of this order.

Failure to timely comply with any requirement of this order will result in dismissal of the petition without further notice for failure to prosecute.

IT IS SO ORDERED this 20th day of July, 2007.


s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE